IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04918-PAB

ANDRI DANIEL IBARRA GONZALEZ,

Petitioner,

v.

FACILITY ADMINISTRATOR DENVER CONTRACT DETENTION FACILITY,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Andri Daniel Ibarra Gonzalez's pro se[1] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 5. Respondent filed a response. Docket No. 10.

## I. BACKGROUND[2]

Petitioner claims "unlawful prolonged executive immigration detention without an individualized bond hearing in violation of Fifth Amendment Due Process." Docket No. 5 at 2. In support, he allege he entered ICE custody on April 2, 2026; an immigration judge issued an order of removal on July 16, 2026; he filed a timely appeal with the Board of Immigration Appeals, which remains active and pending; and he has been

---

[1] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Respondent states he "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 10 at 1. Accordingly, the Court draws all facts from Mr. Gonzalez's petition.

continuously detained without an individualized bond hearing before an immigration judge to assess flight risk or danger. *Id*. As relief, he seeks immediate release from detention, or alternatively, an individualized bond hearing before an immigration judge where the government bears the burden of proving by clear and convincing evidence that continued detention is necessary. *Id.* at 4.

As noted above, Respondent indicates in the response the Respondent "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 10 at 1. "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1-2. According to Respondent, "the appropriate relief would be an Order directing that Respondent, within seven days of this Court's order, release Petitioner from detention." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Detaining a noncitizen raises due process concerns. *See generally Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Given that petitioner argues his detention violates the Fifth Amendment, the Court construes petitioner as bringing a Fifth Amendment claim based on his detention by immigration officials. *See Hal*, 935 F.2d at 1110.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), a court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that respondent does not contend that petitioner is a flight risk or danger to the community. *See Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community"). Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondent provides no argument to the contrary and does not contend that petitioner is a flight risk or danger to the community. Further, respondent states that if the Court grants the petition, the appropriate relief would be an order directing that respondent release petitioner from detention. Docket No. 10 at 2. Thus, the Court will

grant the habeas petition on the basis of petitioner's due process claim and order petitioner's immediate release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 5] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody. It is further

**ORDERED** that the Emergency Motion for a Temporary Restraining Order and Stay of Transfer [Docket No. 2] filed by petitioner is **DENIED as moot.**

DATED November 12, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge